# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRIS T. VOLKING, )
 )
            Plaintiff, )
 )
vs. ) Case No. 22-1046-DDC-KGG
 )
AIRXCEL, INC., )
 )
           Defendant. )
 )

## **MEMORANDUM & ORDER ON MOTION TO STRIKE**

Before the Court is the "Motion to Strike Paragraph 16 From Plaintiff's Complaint" filed by Defendant Airxcel, Inc.[1] (Doc. 5.) After review of the relevant filings, including the submissions of the parties and Plaintiff's Complaint, the Court **DENIES** Defendant's motion.

## **FACTUAL BACKGROUND**

Plaintiff brings the present action against Defendant, his former employer, for allegedly terminating his employment in retaliation for filing and maintaining a worker's compensation claim. (Doc. 1-1.) Paragraph 16 of the Complaint alleges:

---

[1] Plaintiff actually filed a state court Petition in the Eighteenth Judicial District Court of Sedgwick County, Kansas. (Doc. 1-1.) Defendant ultimately removed the action to federal court. (Doc. 1.) For the sake of clarity, the Court will refer to the operative pleading in this case as Plaintiff's "Complaint."

1

> In the worker's compensation negotiations, there was an offer made to [Plaintiff] of $40,000 to settle the worker's compensation claim if he left employment with Airxcel. In other words, Airxcel wanted to get rid of him simply for making a worker's compensation claim that happened on the job due to the negligence of Airxcel.

(*Id*., at 4.)

Citing no supporting caselaw, Defendant moves to have this paragraph stricken, arguing that "[t]he allegations relating to confidential settlement communications between Plaintiff and Defendant are in no way relevant to the question of liability or as to any other issue in the case. They have no possible relation to the controversy and only serve to prejudice Defendant." (Doc. 5, at 1.) Plaintiff responds that Federal Rule of Evidence 408 allows a court to "admit evidence of a settlement offer to prove a witness' bias or prejudice, and negating bias or prejudice."[2] (Doc. 9, at 1.) Plaintiff argues "[t]he fact that [Defendant] wanted to get rid of Plaintiff as part of the settlement agreement is relevant, because ultimately Plaintiff alleges that they got rid of him as a punishment for his worker's compensation claim." (*Id*.)

## ANALYSIS

**A.   Standards Under Fed.R.Civ.P. 8(a) and 12(f).**

---

[2] The issue before the Court is not whether the information is admissible. That stated, Fed.R.Evid. 408 will be considered in deciding whether these allegations should be stricken from the Complaint.

2

Pursuant to Fed.R.Civ.P. 8(a), "a pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2011).

Motions to strike pleadings, either in part or in total, are governed by Fed.R.Civ.P. 12(f). The rule provides that the court "may strike from a pleading … any redundant, immaterial, impertinent or scandalous matter."

> Because striking an entire pleading, or a portion thereof, is a drastic remedy, and because a motion to strike may often be brought as a dilatory tactic, motions to strike are generally disfavored.
> This Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and are likely to cause prejudice to one of the parties. While motions to strike are generally disfavored, the decision to grant a motion to strike lies within the court's sound discretion.

*A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1766067, at *1 (D. Kan. May 9, 2011) (citations omitted).

A matter is considered "immaterial" if it "has no essential or important relationship to the claim for relief." *Dean v. Gillette*, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004). It is considered "impertinent" if it does "not pertain, and [is] not necessary, to the issues in question." *CitiMortgage, Inc. v. JustMortg., Inc.*, 2013 WL 6538680, at * 7 (E.D. Mo. Dec. 13, 2013). A "scandalous" matter is one

3

that is "'"irrelevant and 'degrade[s] defendants' moral character, contain[s] repulsive language, or detract[s] from the dignity of the court.'" **Dean**, 2004 WL 3202867, at *3.  "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party."  *Id*. (citing **Foster v. Pfizer Inc.**, No. 00-1287-JTM, 2000 WL 33170897, at *2 (D.Kan. Dec.12, 2000)).

Defendant argues that the contentions contained in paragraph 16 "are wholly immaterial to any of the claims in this action, impertinent, and scandalous."  It is well-established, however, that striking language from a pleading under Fed. R. Civ. P. 12(f) because it is "immaterial, impertinent, or scandalous" is "disfavored as a drastic remedy."  **Doe v. USD No. 237, et al**., 16-2801-JWL-TJJ, 2017 WL 3839416 (D. Kan. Sept. 1, 2017).

The Court finds that Defendant allegedly offering a worker's compensation settlement to Plaintiff including a provision that he must leave his employment is relevant to Plaintiff's allegation that his employment was subsequently involuntarily terminated in retaliation for filing that very same worker's compensation claim.  Further, pursuant to Fed.R.Evid.408(b), these factual contentions, if true, may be evidence of Defendant's bias or prejudice against Plaintiff for filing the claim at issue.

The undersigned Magistrate Judge emphasizes that he is reaching no conclusion as to whether such evidence will be admissible at trial or during the dispositive motion process. For the purpose of determining whether the information should be stricken from the Complaint, however, the Court acknowledges its potential probative value. Defendant's motion is, thus, **DENIED**.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike (Doc. 5) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 22nd day of March, 2022.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge